UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____X

Marcus Bussey, Denice Clark,

                Plaintiffs,              **COMPLAINT**

    -against-                        **CIVIL ACTION**

Police Officer Francisco Garcia, Shield No. 19234, Police Officer
Elvis Cornea, Shield No. 17861, Police Officers John Doe, 1-10,
Sgt. John Doe 11, Captain John Doe 12, City of New York,
NYCHA,

                Defendants.
_____X

        **NOW COME** Plaintiffs, **Marcus Bussey and Denice Clark,** by and through their attorney, **D. Andrew Marshall, Esq.** for their Complaint against the Defendants, respectfully shows to this Court and allege:

PRELIMINARY STATEMENT

1. This is a civil rights action in which Plaintiffs seek relief for the Defendants' violations of their rights secured by the Civil Rights Act of 1871, Title 42 of the United States Code §1983, by the First, Fourth, Fifth, Sixth, and Fourteenth Amendments to the Constitution of the United States, and the Constitution the State of New York, Title VI of the Civil Rights Act of 1964,42 U.S.C. §2000(d); Title VIII of the Civil Rights Act of 1968, 42 U.S.C. § 3601 *et seq*. ("Fair Housing Act"); the United States Housing Act, 42 U.S.C. § 1437, *et seq.;* the New York City Human Rights Law as well as the Charter, rules, regulations and ordinances of Defendant NYC of New York.

1

2. Plaintiffs bring this action seeking compensatory damages, punitive damages and attorney's fees for violations and deprivations of their civil and constitutional rights by the defendants, their agents, servants and/or employees, while acting under color of law.

3. The Defendants City of New York, hereinafter, Defendant NYC,  and the New York City Housing Authority, hereinafter, Defendant NYCHA, operating through and in conjunction with the New York City Police Department ("NYPD"), have implemented and continue to conduct, enforce and sanction an unlawful vertical patrol and trespass arrest policy which has resulted in a pattern and practice of illegal stops, seizures, questioning, searches, and false arrests of residents of, and authorized visitors to NYCHA residences.

4. A vertical patrol is a top-to-bottom walk-through patrol or "sweep" of hallways, stairwells, rooftops and landings, elevators, and other common areas of a NYCHA residence. (NYPD Patrol Guide 212-59 and 212-60).

5. Under the vertical patrol policy and trespass arrest practices, NYPD officers conduct roving pedestrian checkpoints in and around NYCHA residences, wherein they indiscriminately stop and question every person they observe, without objective individualized suspicion of a crime, and unlawfully arrest individuals for trespass without probable cause.

6. In addition to organized and directed vertical patrols in NYCHA residences, some trespass arrests are the result of less formal sweeps.

2

7. Defendants unlawful enforce the trespass laws in NYCHA residences without adequate training and controls, based on the race, ethnicity, and/or national origin of NYCHA residents and visitors.

8. Defendants implement and apply these policies, practices, and customs in an intentionally discriminatory and race-based manner by focusing the patrols and trespass arrest practices entirely on communities of color, such as NYCHA residences, where historically entrenched racial segregation ensures that African Americans and Latinos will bear the brunt of Defendants' unlawful actions.

9. Defendants also discriminatorily acquiesce in, ratify, and fail to monitor or rectify NYPD officers' widespread unlawful practices because the victims are overwhelmingly African Americans and Latinos.

10. As a result, people like Plaintiff Bussey, with a legitimate reason for being on NYCHA property, are being unconstitutionally detained and/or arrested without any reasoned justification or correlative rise in criminal activity.

11. The rate of trespass stops, arrests, and enforcement in predominantly minority NYCHA residences is, upon information and belief, on average, three times higher than surrounding areas with similar rates of crime.

12. The vertical patrol policy and trespass arrest practices do not affect only visitors like Plaintiff Bussey, who are stopped, seized, questioned, searched, and/or arrested, they also intimidate, threaten, and interfere with the rights, privileges and immunities of NYCHA residents like Plaintiff Clark, regarding

3

the enjoyment of their homes on the basis of race, ethnicity, and/or national origin.

13. Defendants' vertical patrol policy and trespass arrest practices interfere with the rights of Plaintiffs' as well as NYCHA residents to freely associate with individuals whom they invite to their homes.

14. The decision to enforce trespass laws in this disproportionate way is not explained or justified by underlying crime levels in NYCHA residences.

15. The mandate of the NYPD is to safeguard community members from crime by providing security and otherwise delivering police services.

16. Plaintiff Clark, as well as NYCHA residents, are not provided protection on the same terms as other community members, rather they and their invited guests are subject to police harassment and unfounded stops, seizures, questioning, searches, and arrests when merely trying to enter, leave or enjoy the comforts of their homes and fellowship with their family and friends.

17. The vertical patrol policy and trespass arrest practices, as applied, are unreasonable conditions that deny Plaintiff Clark her rights to exclusive use and occupancy of her leased unit, and her right to entertain guests, including Plaintiff Bussey, in her home.

18. The pattern and practice of police activity in NYCHA buildings is so aggressive and well known that some people are afraid to visit Plaintiff Clark thereby preventing Plaintiff Clark from maintaining and fostering close familial and personal relationships without unjustified government interference.

4

19. Plaintiffs also assert supplemental state law tort claims.

20. Defendant NYC is liable for the individual Defendants' acts under the theory of *respondeat superior*.

21. Defendants were acting under color of state law in the course and scope of their employment at the Defendant NYC, Defendant NYCHA and the NYPD, a department of the Defendant NYC.

22. Defendants did violate Plaintiffs' rights, privileges and immunities.

As a result of the aforementioned constitutional violations, Plaintiffs suffered damages, including derivation of rights, as well as physical, emotional, mental and psychological pain and suffering.

<u>JURISDICTION</u>

23. That jurisdiction is founded upon the existence of a Federal Question.

24. That jurisdiction is founded upon U.S.C. §1331 and §1343(3) and (4), this being an action authorized by law to redress the deprivation under color of statute, ordinance, regulation, custom or usage of a right, privilege, and immunity secured to Plaintiffs by the First, Fourth, Fifth, Sixth, and Fourteenth Amendments to the Constitution of the United States, 42 U.S.C. §1983, Article 1, Section 12 of the Constitution and laws of the State of New York; and 42 U.S.C. § 3613(a), as Plaintiffs seek relief with respect to discriminatory housing practices in violation of the Fair Housing Act.

25. Plaintiffs  further invoke this Court's jurisdiction pursuant to 28 U.S.C. §1367, over any and all State law claims and causes of action which derive

from the same nucleus of operative facts and are part of the same case or controversy that give rise to the federally based claims and causes of action.

26. The amount in controversy exceeds, exclusive of interest and costs, the sum or value of seventy-five thousand dollars ($75,000.00).

27. Plaintiffs also assert supplemental state law tort claims pursuant to 28 U.S.C. § 1367(a), over Plaintiffs' claims under state and local laws because they are so related to the claims within the original jurisdiction of this Court that they form part of the same case or controversy.

## VENUE

28. Venue is proper for the United States District Court for the Southern District of New York pursuant to 28 U.S.C. §1391 (a), (b) and (c) because the claim arose in this district.

## JURY DEMAND

29. Plaintiffs demand a trial by jury in this action.

## PARTIES:

30. Plaintiff Marcus Bussey, hereinafter "**Plaintiff Bussey,**" is a citizen of the State of New York within the jurisdiction of this court.

31. Plaintiff Denice Clark, hereinafter "**Plaintiff Clark,**" is a citizen of the State of New York within the jurisdiction of this court.

32. On February 15, 2014 at all times relevant and material to this case **Defendant NYC** was and still is a body corporate and politic, constituting a

municipal corporation duly organized and existing under and by virtue of the laws of Defendant NYC and State of New York.

33. **Defendant NYC** is authorized under the laws of the State of New York to maintain, operate, and govern a police department, the NYPD, including the precincts of the NYPD and the personnel assigned or stationed there, all of whom act as Defendant NYC's agent in the area of law enforcement and for which it is ultimately responsible.

34. On February 15, 2014 at all times relevant and material to this case **Defendant NYCHA**, with its principal offices located at 250 Broadway, New York, New York 10007, is a public housing authority that owns and operates housing for low-income residents in all five boroughs of New York City, including the Polo Ground Towers, and the subject premises thereat.

35.  Defendant NYCHA is responsible for the implementation and design of policing and security policies in NYCHA residential buildings.

36. The law enforcement activities of NYPD and Defendant NYCHA are supported in part by federal funds.

37. On February 15, 2014 at all times relevant and material to this case the Defendant NYC, its departments, agents, servants, and/or employees were charged with, without limitation, hiring, training, retraining, directing, supervising, investigating, disciplining, overseeing, appointing, and promoting it officers, supervisors, and staff in their employ, including but not limited to the defendants herein.

7

38. On February 15, 2014 at all times relevant and material to this case Defendant Police Officer Francisco Garcia, hereinafter "**Defendant Garcia**," was employed by Defendant NYC and NYPD at the Public Service Area 6 (PSA 6) as a police officer. He is sued in his individual and official capacities.

39. On February 15, 2014 at all times relevant and material to this case Defendant Police Officer Elvis Cornea, Shield No. 17861, hereinafter "**Defendant Cornea**," was employed by Defendant NYC and NYPD at Public Service Area 6 (PSA 6), as a police officer. He is sued in his individual and official capacities.

40. On February 15, 2014  at all times relevant and material to this case Defendant Police Officers John Doe 1-10, hereinafter "**Defendants Doe 1-10**," were employed by Defendant NYC and NYPD at Public Service Area 6 (PSA 6) as a Police Officers. They are sued in their individual and official capacities.

41. On February 15, 2014 at all times relevant and material to this case Defendant Sgt.  John Doe11, hereinafter "**Defendant Sgt. Doe11**," was employed by Defendant NYC and NYPD at Public Service Area 6 (PSA 6) as a Police Officer with the rank of sergeant with first line supervisory responsibilities duties. He is sued in his individual and official capacities.

42. On February 15, 2014 at all times relevant and material to this case, Defendant Captain John Doe12, hereinafter "**Defendant Captain Doe12**," was employed by Defendant NYC and NYPD at the Public Service Area 6

(PSA 6), as a police officer with the rank of captain with first line supervisory responsibilities duties. He is sued in his individual and official capacities.

43. Upon information and belief, the Defendant NYC and NYPD remains the public employer of the named defendant Police Officers.

44. As used herein, the term "police officer" is intended to refer to NYPD officers in the general and not to any specific rank, title, or position.

45. Defendants Doe 1-10, Sgt. Doe 11, and Captain Doe 12 were employed by Defendant NYC, as Police Officers or supervisors, whose true names and shield numbers are presently unknown to Plaintiff.

46. Defendants herein were those Police Officers acting under color of law employed by the Defendant NYC who: vertically patrolled the subject premises, harassed, intimidated, threatened, strip-searched, body-cavity searched, and used excessive force; falsely detained, arrested and imprisoned; maliciously prosecuted; conspired to and actually violated and deprived Plaintiffs and others of their rights, privileges and immunities; ignored, refused, denied and/or delayed Plaintiff Bussey's request for medical attention for the injuries alleged herein; knowingly drafted and/or filed, or conspired to file false reports, incident reports, summons(es), appearance tickets, complaint and arrest reports against Plaintiff Bussey; gave knowingly false statements or testimony in or for a criminal proceeding regarding Plaintiff Bussey; deliberately withheld the nature of the charges against Plaintiff Bussey; acted in an manner designed to cover up evidence of

9

their unlawful an unconstitutional activities alleged herein, and; otherwise acted unlawfully.

47. The individual defendants' acts herein complained of were carried out intentionally, recklessly, with malice, and in gross disregard of Plaintiffs' rights.

48. At all relevant times, the individual defendants were engaged in a joint venture, assisting each other in performing the various actions described herein and lending their physical presence and support and the authority of their offices to one another.

<u>STATEMENT OF FACTS:</u>

49. This action arose out of incidents that began on February 15, 2014 at approximately 8:30 p.m. inside of 2931 Frederick Douglass Boulevard, hereinafter, "the subject premises."

50. The subject premises is located inside of the Polo Grounds Towers, a NYCHA owned and operated public housing complex.

51.  Polo Grounds Towers consist of four, 30-story buildings on 15.15 acres in upper Manhattan, bordered by Frederick Douglass Boulevard, West 155th Street and Harlem River Drive.

52. Polo Grounds Towers have 1,616 apartments housing some 4,207 residents.

53. Plaintiff Bussey is an African American man and at all times material and relevant to this claim, was the guest Plaintiff Clark, a lawful tenant at the subject premises.

10

54. Plaintiff Clark is an African American woman and at all times material and relevant to this claim, was the lawful tenant residing in an apartment in the subject premises.

55. Prior to February 15, 2014, Plaintiff Clark has had African-American guests or visitors in the past at the subject premises that were unlawfully stopped, seized, questioned, searched and/or falsely arrested for trespass in the subject premises without any reasonable, articulable suspicion or probable cause that they were engaging in criminal activity and in the basis of their race, ethnicity, and/or national origin.

56. On February 15, 2014, Plaintiff Bussey and Plaintiff Clark had been romantically involved for several years.

57. On February 15, 2014, at approximately 8:30 p.m. as per a planned rendezvous with Plaintiff Clark, Plaintiff Bussey arrived at and entered the subject premises, a NYCHA public housing residential building.

58. Plaintiff Bussey, as Plaintiff Clark's guest, entered the subject premises through the front door having been granted access by an unknown individual.

59. Plaintiff Bussey boarded an elevator and went to the seventh floor and arrived at Plaintiff Clark's door.

60. Plaintiff Bussey knocked at Plaintiff Clark's door and discovered that she was not home.

61. Meanwhile, shortly after Plaintiff Bussey boarded the said elevator, the Defendant Police Officers entered and fanned throughout the lobby of the

11

subject premises as part of a **vertical patrol**, and soon thereafter boarded an elevator and went upstairs.

62.  Plaintiff Bussey, while standing in the seventh floor hallway, contacted Plaintiff Clark, learned her whereabouts and agreed to immediately meet her outside of the subject premises.

63. Plaintiff Bussey exited the seventh floor hallway via the stairs which he descended.

64. While descending the stairs between the fifth and sixth floors, Plaintiff Bussey encountered who he later learned was Defendant Garcia.

65. Only Defendant Garcia's partially covered head was visible to Plaintiff Bussey in the stairwell between the fifth and sixth floors, the rest of his body was obscured by the door out of which he poked his head.

66. In the stairwell between the fifth and sixth floors Defendant Garcia told Plaintiff Bussey to "come here!"

67. In the stairwell between the fifth and sixth floors Defendant Garcia did not identify himself to Plaintiff Bussey.

68. In the stairwell between the fifth and sixth floors Plaintiff Bussey abruptly turned around and retreated upstairs to the seventh floor hallway.

69. Defendant Garcia followed Plaintiff Bussey from between the fifth and sixth floors to the seventh floor hallway.

70. While on the seventh floor hallway, Plaintiff Bussey heard what appeared to be walkie-talkies and surmised that that the person in the stairwell between the fifth and sixth floors was a police officer.

12

71.  While on the seventh floor Plaintiff Bussey halted, raised his hands and leaned forward against the elevator door and awaited Defendant Garcia arrival.

72. Defendant Garcia immediately thereafter entered the seventh floor hallway followed by Defendant Cornea and Police Officers Doe 1-5.

73. Plaintiff Bussey explained to the Defendants that he was a guest of Plaintiff Clark in apartment 7-H and that he was did not comply with Defendant Garcia request to "come here" because Defendant Garcia did not identify himself to Plaintiff Bussey.

74. Police Officer Garcia, Defendant Cornea and Police Officers Doe 1-5 never inquired, verified or investigated Plaintiff's representation that he was Plaintiff Clark's guest and therefore privileged to be on the subject premises.

75. Police Officer Garcia, Defendant Cornea and Police Officers Doe 1-5 grabbed Plaintiff Bussey by both arms, forced him to the floor face-first and, without probable cause, provocation or warning, immediately began assaulting him with fists, shod feet and foreign objects, attacking his legs, knees, thighs, back, ribs and head.

76. Plaintiff Bussey, immobilized on his stomach, remained submissive throughout the encounter, never once responding with force.

77. Police Officer Garcia, Defendant Cornea and Police Officers Doe 1-5 thereafter rear-cuffed Plaintiff Bussey and removed him from the subject premises.

13

78. Once outside of the subject premises, Police Officer Garcia, Defendant Cornea and Police Officers Doe 1-10 threw Plaintiff Bussey to the ground face-first and assaulted him a second time with fists, shod feet and foreign objects to the legs, knees, thighs, back, ribs and head.

79. Plaintiff Bussey was immobilized and did not retaliate against the defendants.

80. Defendant Sgt Doe 11 and Captain Doe 12 were present outside of the subject premises before, during and after the use of force against Plaintiff Bussey.

81. Plaintiff Bussey was thereafter removed to a local precinct where the Defendant Police Officer Doe 1-3 subjected him to a body-cavity search with negative results.

82. Although visibly injured, the Defendants unreasonably delayed rendering aid or seeking medical attention for the then lame and limp Plaintiff Bussey.

83. EMS ultimately arrived at the precinct and escorted Plaintiff Bussey to a local hospital to tend to the physical injuries he sustained as a result of the aforementioned excessive, unreasonable and punitive force visited upon him.

84. Although Plaintiff Bussey demanded to know his charges, the Defendants ignored his request and never informed him of same.

85. Although the Defendants knew that they lacked probable cause, they nevertheless charged Plaintiff Bussey with felonious assault upon a police officer, resisting arrest and multiple counts of trespass.

86. Plaintiff Clark and Plaintiff Bussey were compelled to forego each other's fellowship because the Defendant Police Officers unlawfully stopped, seized,

14

questioned, searched and falsely arrested Plaintiff Bussey for alleged crimes on the subject premises without any reasonable, articulable suspicion or probable cause that they were engaging in criminal activity, but  on the basis of his race, ethnicity, and/or national origin.

87. Although the Defendants knew that they lacked probable cause, they swore out a Criminal Court Complaint that resulted in the protracted criminal prosecution of Plaintiff Bussey.

88. Plaintiff Clark appeared in the New York City Criminal Court, New York County on the date of Plaintiff Bussey's arraignment and posted his bail.

89. Plaintiff Clark submitted an affidavit to the New York County District Attorney attesting to her tenancy and Plaintiff Bussey's guest status on February 15, 2014 at the early inception of the criminal prosecution, yet the prosecution dragged on until November 19, 2014 when the People finally dismissed the charges against Plaintiff Bussey.

90. To date Plaintiff Clark has not received a return of her bail money, despite numerous demands and attempts at recover same.

91. Plaintiff Bussey endured pain, suffering, physical injuries, loss of liberty, humiliation, emotional distress, and other damages as a result of Defendants' actions and omissions.

92. Plaintiff Clark has had other visitors other than Plaintiff Bussey stopped and detained by NYPD officers at or near the subject premises in route to visiting her.

93. As a result of the recurrent unlawful stops and searches at the subject premises, several of Plaintiff Clark's friends refuse to return there.

94. Each and all of the acts of the Defendants alleged herein were undertaken by said Defendants in furtherance of their employment by Defendant NYC and NYPD with the power and authority vested in them as officers, agents and employees of Defendant NYC and NYPD and/or incidental to the lawful pursuit of their duties as officers, agents, assignees, employees, or servants, of Defendant NYC and NYPD.

95. Each and all of the acts of the Defendants alleged herein were undertaken by said Defendants in furtherance of Defendant NYCHA's agreement with NYPD to rigorously enforce the discriminatory vertical patrol policy.

<u>PLAINTIFFS' INJURIES AND DAMAGES</u>

96. As a direct and proximate consequence of the aforementioned actions by the defendants:

a)   Plaintiffs  were denied and deprived of their state and federal constitutional rights, liberties, immunities and privileges;

b)   Plaintiff Bussey suffered serious physical injuries;

c)   Plaintiffs suffered severe emotional and mental anguish;

d)   Plaintiffs suffered psychological injuries;

e)   Plaintiffs continues to suffer severe emotional and mental anguish and pain;

f)   Plaintiffs incurred other items of attendant damages.

16

PENDANT STATE CLAIMS:

97. That Notice of Plaintiff Bussey's Claim and Notice of Intention to Sue for Damages has been served upon the Comptroller of Defendants Defendant NYC of New York.

98. That pursuant to §50(h) of the General Municipal Law hearings **have** been held.

99. That this action is commenced within one year and 90 days after the cause of action arose.

FIRST CAUSE OF ACTION:
CIVIL RIGHTS ACTION 42 USC §1983

100. Plaintiff Bussey and Plaintiff Clark hereby repeat, reiterate and re-allege each allegation contained in the proceeding paragraphs with the same force and effect set forth herein, and further allege:

101. The vertical patrol policy and trespass arrest practices involve systematic stopping, seizing, questioning, and searching of any and all persons observed in common areas of NYCHA residences absent individualized suspicion that implicate the Fourth Amendment to the United States Constitution.

102. Defendant NYC and Defendant NYCHA  has acted with deliberate indifference to the Fourth Amendment rights of NYCHA guests, including without limitation Plaintiff Bussey.

103. As a direct and proximate result of the acts and omissions the Defendants, NYCHA guests, including without limitation Plaintiff Bussey, have been deprived of their rights under the Fourth Amendment to the United States Constitution and 42 U.S.C. § 1983.

17

104.    That at all relevant times, the Defendant Police Officers separately and in concert, while acting under color and pretense of law:

    a)  falsely detained, arrested and imprisoned Plaintiff Bussey;

    b)  subjected Plaintiff Bussey to excessive force;

    c)  subjected Plaintiff Bussey to a strip-search/body-cavity search absent legal cause;

    d)  filed a false arrest report and corresponding NYPD complaint;

    e)  gave knowingly false statements or testimony in or for a criminal proceeding;

    f)  failed to intercede on behalf of Plaintiff to prevent the Constitutional violations aforesaid, despite having an opportunity to do so;

    g)  failed to provide timely and due medical care and treatment to Plaintiff;

    h)  denied Plaintiff equal protection of the law;

    i)  engaged in a cover-up in order to conceal the wrongful and unlawful conduct taken against Plaintiff;

    j)  deprived him of the right to freely associate with Plaintiff Clark;

    k)  deliberately withheld from Plaintiff  the nature of the charges against him.

105.    The Defendant Police Officers acted with deliberate indifference to Plaintiff Bussey's privileges, immunities, safety, security, health, and immediate medical needs.

18

106.    Each of the acts and omissions of the Defendants alleged herein were done by the defendants, their agents, servants and employees, not as individuals, but under the color and pretense of the statutes, ordinances, regulations, customs and usages of the State of New York and under the authority of their office as Police Officers of said state, city and county.

107.    Each and all of the Defendants' acts and omissions alleged herein were undertaken by said Defendants while acting in the course and scope of their duties and functions as agents, assignees, employees, servants, or officers of Defendant NYC, Defendant NYCHA and NYPD when engaging in the conduct described herein.

108.    The Defendants, by reasonable diligence, could have prevented the aforementioned wrongful acts from being committed.

109.    The Defendants, by reasonable diligence, could have mitigated Plaintiff Bussey's injuries had they intervened in the aforementioned unlawful conduct and/or protected Plaintiff.

110.    That the aforesaid actions and omissions violated 42 U.S.C. §1983.

111.    That as a result of the foregoing, Plaintiff Bussey is entitled to compensatory damages, and punitive damages against the individual defendants, and attorney's fees, costs, expert's fees and disbursements pursuant to 42 U.S.C. § 1988.


SECOND CAUSE OF ACTION:
PUNITIVE DAMAGES AGAINST INDIVIDUALLY
 NAMED DEFENDANTS

19

112.    Plaintiff Bussey and Plaintiff Clark hereby repeat, reiterate and re-allege each allegation contained in the proceeding paragraphs with the same force and effect set forth herein, and further alleges:

113.    Plaintiffs seek punitive damages against each individually named Defendant including but limited to Defendant Garcia and Defendant Cornea.

114.    Plaintiffs seek punitive damages against each individually named officer to deter not only these Defendants Police Officers but other like minded individual Police Officers from engaging in future similar egregious conduct.

115.    That punitive damages are warranted under the facts and circumstance of this case because Defendant Garcia and Defendant Cornea acted with deliberate, premeditated and specific intent as part of a policy to unreasonably and unlawfully deprived Plaintiffs of their rights, liberties and immunities.

116.    That punitive damages are warranted under the facts and circumstance of this case because Defendant Garcia and Defendant Cornea were motivated by prejudice, disdain, contempt  or other impermissible grounds such as Plaintiffs' race or social status, resulting in an unreasonable and unlawful deprivation of Plaintiffs' rights, liberties and immunities.

117.    That by reason of the aforementioned violations, Plaintiffs request the following relief:

a)    Compensatory damages in the sum of Thirty-Million ($30,000,000.00) Dollars for each cause of action;

b)    Punitive damages in the sum of Five-Million ($5,000,000.00) Dollars for each cause of action.

20

c)  An award of reasonable attorney's fees, costs and disbursements;

d)  Plaintiffs' requests a trial by jury of all issues involved in this complaint;

e)  Such other and further relief as this Court may deem just and proper under the circumstances.

### THIRD CAUSE OF ACTION:
### <u>ATTORNEY FEES 42 U.S.C. §1988</u>

118.   Plaintiff Bussey and Plaintiff Clark hereby repeat, reiterate and re-allege each allegation contained in the proceeding paragraphs with the same force and effect as if set forth herein, and further alleges:

119.   Plaintiffs makes a claim for attorney's fees and costs predicated upon 42 U.S.C. §1988 which authorizes the award of attorney's fees and costs to the prevailing plaintiffs in actions brought pursuant to 42 U.S.C. §1983, and the New York Civil Practice Law and Rules, Article 86, for the pendant claims arising under state law.

120.   That Plaintiffs are entitled to and hereby makes claim for the recovery of reasonable attorney's fees incurred as a result of prosecuting their claim against the individually named Police officer pursuant to 42 U.S.C. §1988.

### FOURTH CAUSE OF ACTION:
### <u>MALICIOUS PROSECUTION</u>

121.   Plaintiff Bussey**,** hereby repeats, reiterates and re-alleges each allegation contained in the proceeding paragraphs with the same force and effect set forth herein, and further alleges:

21

122.     The Defendants, while acting under color of law, in the performance of their employment and within the scope of their authority, initiated and continued a criminal proceeding against Plaintiff Bussey in the Criminal Court of Defendant NYC of New York, County of New York.

123.     The proceeding was terminated in Plaintiff Bussey's favor.

124.     The Defendants knew or had reason to know that they lacked probable cause to initiate a criminal proceeding against Plaintiff Bussey.

125.   That the Defendants deliberately testified falsely, withheld vital information, offered false affidavits or other such writings to the Criminal Court.

126.   That by reason of the malicious prosecution, Plaintiff Bussey was unreasonably deprived of the rights, liberties and immunities secured to him under law and has been otherwise damaged.

127.   That as a result of the foregoing, Plaintiff Bussey is entitled to compensatory damages, and punitive damages against the individual defendants, and attorney's fees, costs, expert's fees and disbursements pursuant to 42 U.S.C. § 1988.

FIFTH CAUSE OF ACTION:
*MALICIOUS ABUSE OF PROCESS*

128.   Plaintiff Bussey, hereby repeats, reiterates and re-alleges each allegation contained in the proceeding paragraphs with the same force and effect set forth herein, and further alleges:

129.   The defendants issued legal process to place Plaintiff Bussey under arrest.

22

130.    The Defendants arrested Plaintiff Bussey in order to obtain collateral

objectives outside the legitimate ends of the legal process, to wit, to obtain

more arrests, to obtain more indictments, to obtain more convictions, to

obtain overtime pay, and to obtain promotions within their respective

agencies, among other things.

131.    The Defendants acted with intent to do harm to Plaintiff Bussey without

excuse or justification.

132.    As a direct and proximate result of this unlawful conduct, Plaintiff

sustained the damages herein alleged.

133.    That as a result of the foregoing, Plaintiff is entitled to

compensatory damages, and punitive damages against the individual

defendants, and attorney's fees, costs, expert's fees and disbursements

pursuant to 42 U.S.C. § 1988.

SIXTH CAUSE OF ACTION:
*DENIAL OF SUBSTANTIVE DUE PROCESS*

134.    Plaintiff Bussey**,** hereby repeats, reiterates and re-alleges each allegation

contained in the proceeding paragraphs with the same force and effect as if

set forth herein, and further alleges:

135.    Defendants' vertical patrol policy and trespass arrest practices, as written

and as applied, violates the Due Process Clause of the Fourteenth

Amendment to the United States Constitution, in that it authorizes and

causes NYPD officers to stop, seize, question, search, and arrest individuals

for the mere exercise of their constitutional rights to freedom of association

and assembly and their constitutional rights to intimate association, in the absence of constitutionally required procedural protections.

136.    By enforcing the unconstitutional vertical patrol policy and trespass arrest practices through the initiation and pursuit of criminal charges against Plaintiff Bussey which charges have directly resulted in his assault, battery, arrest, detention and prosecution, Defendants intentionally and under color of law have denied Plaintiff Bussey his right to due process of law, in violation of the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983.

137.    That at all relevant times, the Defendants separately, and in concert, while acting under color and pretense of law:

    a)  falsely detained, arrested and imprisoned Plaintiff Bussey;

    b)  subjected Plaintiff Bussey to excessive force;

    c)  subjected Plaintiff Bussey to a strip-search/body-cavity search absent legal cause;

    d)  filed a false arrest report and corresponding NYPD complaint;

    e)  gave knowingly false statements or testimony in or for a criminal proceeding regarding Plaintiff Bussey;

    f)  failed to intercede on behalf of Plaintiff to prevent the Constitutional violations aforesaid, despite having an opportunity to do so,

    g)  failed to provide timely and due medical care and treatment to Plaintiff;

    h)  denied Plaintiff equal protection of the law;

24

i) engaged in a cover-up in order to conceal the wrongful and unlawful conduct taken against Plaintiff

138.    The defendants all knew or had reason to know the scope and limits of their legal authority, but deliberately exceeded it when they engaged Plaintiff Bussey.

139.    As a direct and proximate result of this unlawful conduct, Plaintiff Bussey sustained the damages herein alleged.

140.    That as a result of the foregoing, Plaintiff is entitled to compensatory damages, and punitive damages against the individual defendants, and attorney's fees, costs, expert's fees and disbursements pursuant to 42 U.S.C. § 1988.

SEVENTH CAUSE OF ACTION:<br><em>FAILURE TO INTERVENE</em>

141.    Plaintiff Bussey and Plaintiff Clark hereby repeat, reiterate and re-allege each allegation contained in the proceeding paragraphs with the same force and effect as if more fully set forth herein and further allege:

142.    Those individual Defendants that were present, but did not actively participate in the aforementioned unlawful conduct, observed such conduct; had an opportunity to prevent such conduct; had a duty to intervene, mitigate and/or stop the events alleged herein.

143.    Those individual Defendants that were present, but did not actively participate in the aforementioned unlawful conduct, failed to, inter alia, report the unlawful conduct alleged herein to supervisors.

144.     Those individual supervising Defendants who were present, but did not

actively participate in the aforementioned unlawful conduct, failed to

investigate, sanction, and/or discipline any participant.

145.     As a direct and proximate result of this unlawful conduct, Plaintiff

sustained the damages herein alleged.

146.     That as a result of the foregoing, Plaintiffs are entitled to compensatory

damages, and punitive damages against the individual defendants, and

attorney's fees, costs, expert's fees and disbursements pursuant to 42 U.S.C. §

1988.

### EIGHTH CAUSE OF ACTION:
### _EQUAL PROTECTION CLAUSE, 42 U.S.C. § 1983_

147.     Plaintiff Bussey and Plaintiff Clark hereby repeat, reiterate and re-allege

each allegation contained in the proceeding paragraphs with the same force

and effect as if more fully set forth herein and further allege:

148.     The Defendants' conduct was tantamount to discrimination against

Plaintiffs based on their status as an African-American guest and tenant

relative to a NYCHA residential building.

149.     Acting under color of state law, Defendants have applied the vertical

patrol policy and trespass arrest practices against Plaintiffs in an

intentionally discriminatory and race-based manner.

150.     Defendants have focused enforcement of the vertical patrol policy and

trespass arrest practices in African-American and Latino communities.

26

151.    Other non-African American guests in non-NYCHA residential buildings are not targeted for *inter alia*, random stops, searches, seizures and use of force.

152.    Defendants have targeted communities of color, such as NYCHA residences, for focused implementation of vertical patrols and trespass arrest enforcement, as residents in, and visitors to, these buildings are inhabited almost entirely by African Americans and Latinos.

153.    This pattern of targeted enforcement is not explained or justified by underlying crime rates in NYCHA residences.

154.    Defendant NYC and Defendant NYCHA have acquiesced in, ratified, and failed to check widespread violations of Plaintiffs' constitutional rights to be free from unreasonable searches and seizures, because of Plaintiffs' race.

155.    These constitutional abuses were and are directly and proximately caused by policies, practices and/or customs devised, implemented, enforced, encouraged, and sanctioned by Defendant NYC and Defendant NYCHA, including: (a) targeted implementation of vertical sweeps and trespass arrests in communities of color; (b) the discriminatory failure to adequately and properly screen, train, support, and supervise NYPD officers; (c) the discriminatory failure to adequately and properly monitor and discipline the NYPD officers.

156.    This disparate treatment caused Plaintiffs to suffer damages.

157.    That as a result of the foregoing, Plaintiffs have been deprived of their right to Equal Protection of the laws under the Fourteenth Amendment to

the United States Constitution and 42 U.S.C. § 1983 and  are entitled to

compensatory damages, and punitive damages against the individual

defendants, and attorney's fees, costs, expert's fees and disbursements

pursuant to 42 U.S.C. § 1988.

NINETH CAUSE OF ACTION:
CLAIMS UNDER TITLE VI OF THE
CIVIL RIGHTS ACT OF 1964, 42 U.S.C. § 2000(d), *et seq.*

158.    Plaintiff Clark hereby repeats, reiterates and re-alleges each allegation

contained in the proceeding paragraphs with the same force and effect as if

more fully set forth herein and further allege:

159.    Plaintiff Clark is unable to use and enjoy their residences because

Defendant NYC and Defendant NYCHA's vertical patrol policy and trespass

arrest practices are conducted in such a consistently unlawful and

disproportionate manner that she and her guests are not free to come and go

as they wish.

160.     Plaintiff Clark and Plaintiff Bussey and other guests are harassed and

intimidated by Defendant NYC and Defendant NYCHA's agent: NYPD.

161.    Plaintiff Clark and Defendant Bussey are among the intended

beneficiaries of Defendant NYC and Defendant NYCHA's programs and/or

activities receiving federal financial assistance.

162.    Defendant NYC and Defendant NYCHA's discriminatory practices

prevent Plaintiff Clark and Defendant Bussey from fully participating in and

receiving the benefits of the programs and activities supported by federal

funds.

28

163.    Plaintiff Clark is unable to enjoy the normal rights and privileges associated with tenancy in NYCHA residences.

164.    Plaintiff Clark is, who is entitled to receive police protection from the NYPD, is instead victimized by the NYPD's unlawful and discriminatory police activities.

165.    That as a result of the foregoing, Plaintiffs have been deprived of their right to Equal Protection of the laws under the Fourteenth Amendment to the United States Constitution and 42 U.S.C. §1983 and  is entitled to compensatory damages, and punitive damages against the individual defendants, and attorney's fees, costs, expert's fees and disbursements pursuant to 42 U.S.C. § 1988.

TENTH CAUSE OF ACTION:
UNLAWFUL DISCRIMINATION UNDER THE
FAIR HOUSING ACT OF 1968 (TITLE VIII)

166.    Plaintiff Clark hereby repeats, reiterates and re-alleges each allegation contained in the proceeding paragraphs with the same force and effect as if more fully set forth herein and further alleges:

167.    Defendant NYC and Defendant NYCHA's have, as described above, violated, and/or continue to violated, Plaintiff Clark's rights under the Fair Housing Act, 42 U.S.C. § 3601, *et seq.* and implementing regulations by:

    a) Discriminating on the basis of race, ethnicity, and/or national origin in the terms, enjoyment of a dwelling by coercion, intimidation, or interference, in violation of 42 U.S.C. § 3617 and implementing regulations, and;

29

b)  By the actions described above, Defendants have engaged in, and continue to engage in, a policy, pattern, and practice of discrimination against African American and Latino NYCHA residents due to their race, or the racial composition of their building, in violation of the Fair Housing Act.

168.  The past and continuing acts and conduct of Defendants described above, were and are intentional, and have been carried out with deliberate indifference to the federally protected rights of Plaintiff Clark.

169.  Defendants' policies, patterns, and practices have had, and continue to have, an adverse and discriminatory impact on African Americans and Latinos that is not justified by necessity.

170.  Defendants have intentionally, knowingly, and continuously engaged in the practices described above, with the intent of denying equal housing opportunities to Plaintiff Clark.

171.  That as a result of the foregoing, Plaintiff Clark has been deprived of rights and  is entitled to compensatory damages, and punitive damages against the individual defendants, and attorney's fees, costs, expert's fees and disbursements pursuant to 42 U.S.C. § 1988.

ELEVENTH CAUSE OF ACTION:
CLAIMS UNDER THE UNITED STATES HOUSING ACT,
42 U.S.C. § 1437d(l)(2)

184.  Plaintiff Clark hereby repeats, reiterates and re-alleges each allegation contained in the proceeding paragraphs with the same force and effect as if more fully set forth herein and further alleges:

30

185.    Acting under color of state law, Defendants have, as described above, violated, and/or continue to violate, Plaintiff Clark's rights  under the United States Housing Act, 42 U.S.C. § 1437(d)(l)(2), its implementing regulations, 42 U.S.C. § 1983, and the federal and New York State.

185.    Plaintiff Clark is unable to use and enjoy her residence and accommodate guests because Defendants' vertical patrol policy and trespass arrest practices are conducted in such an oppressive manner that Plaintiff Clark and her recurring guest Plaintiff Bussey are not free to come and go as they wish.

186.    The past and continuing acts and conduct of Defendants, described above, were and are intentional, and have been carried out with deliberate indifference to the federally protected rights of NYCHA residents in general and Plaintiff Clark in particular.

187.    Defendants' policies, patterns, and practices interfere with Plaintiff Clark's ability to accommodate guests because her family, friends, and guests are harassed, intimidated and arrested by Defendants.

188.    Defendants' policies are unreasonable and have had, and continue to have, an adverse impact on African Americans and Latinos that is not justified by necessity.

189.    Defendants have intentionally, knowingly, and continuously engaged in the practices described above, with the intent of denying adequate housing to Plaintiff Clark.

31

190.     That as a result of the foregoing, Plaintiff Clark has been deprived of

rights and  is entitled to compensatory damages, and punitive damages

against the individual defendants, and attorney's fees, costs, expert's fees and

disbursements pursuant to 42 U.S.C. § 1988.

TWELFTH CAUSE OF ACTION:
UNLAWFUL DISCRIMINATION UNDER 42 U.S.C. § 1981

191.     Plaintiff Clark hereby repeat, reiterate and re-allege each allegation

contained in the proceeding paragraphs with the same force and effect as if

more fully set forth herein and further alleges:

192.     By the actions described above, Defendants have continually denied

Plaintiff Clark the same right to make and enforce contracts as is enjoyed by

white citizens of the United States, in violation of 42 U.S.C. § 1981.

193.     Plaintiff Clark has been denied the enjoyment of the benefits, privileges,

terms and conditions of her contractual relationship with NYCHA, because

she is limited in her ability to enter and exit her own home, and in her ability

to receive guests, due to the Defendants' discriminatory and unlawful vertical

patrol policy and trespass arrest practices.

194.     By the actions described above, Defendants have also denied Plaintiff

Clark the full and equal benefit of all laws and proceedings for the security of

persons and property as is enjoyed by white citizens, and have subjected them

to disparate forms of punishment, pains, penalties, taxes, licenses, and

exactions, as compared to white citizens of the United States, in violation of

42 U.S.C. § 1981.

32

195.     Plaintiff Clark has been injured by the Defendants' discriminatory and unlawful vertical patrol policy and trespass arrest practices.

196.     By the actions described above,  Defendants have engaged in, and continue to engage in, a policy, pattern, and practice of discrimination against African-American and Latino NYCHA residents due to their race, or the racial composition of their building, in violation of 42 U.S.C. §1981 and § 1983.

197.     The past and continuing acts and conduct of the Defendants, described above, were and are intentional, and have been carried out with deliberate indifference to Plaintiff Clark's federally protected rights.

198.     Defendants have intentionally, knowingly, and continuously engaged in the practices described above, with the intent of denying equal housing opportunities to Plaintiff Clark.

199.     That as a result of the foregoing, Plaintiff Clark has been deprived of rights and  is entitled to compensatory damages, and punitive damages against the individual defendants, and attorney's fees, costs, expert's fees and disbursements pursuant to 42 U.S.C. § 1988.

THIRTEENTH CAUSE OF ACTION:
*SUPERVISORY LIABILITY UNDER 42 U.S.C. § 1983*

200.     Plaintiff Bussey and Plaintiff Clark hereby repeat, reiterate and re-allege each allegation contained in the proceeding paragraphs with the same force and effect as if more fully set forth herein and further allege:

201.     Upon information and belief, on February 15, 2014 at all times relevant and material to this case, Defendant Sgt Doe 11 and Defendant Captain Doe

33

12 had direct first-line supervisory responsibilities for the other defendant Police Officers.

202.    Upon information and belief, on February 15, 2014 at all times relevant and material to this case, Defendant Sgt. Doe 11 and Defendant Captain Doe 12 were duty-bound to take appropriate measures to protect the rights, privileges, immunities and personal safety of members of the public, including without limitation Plaintiff Bussey and Plaintiff Clark, who came into contact with their officers at the PSA 6.

203.    These responsibilities were required to be carried out in a manner consistent with the laws and mandates that govern and control the Defendant NYC and NYPD.

204.    Defendants Sgt. Doe 11 and Captain Doe 12 failed to properly supervise their subordinate employees regarding the care custody and investigation of alleged crimes,  thereby resulting in Plaintiffs' deprivations and other damages.

205.    Defendants Sgt. Doe 11 and Captain Doe 12 failed to properly supervise their subordinate employees regarding the adequate and proper marshaling of evidence, thereby resulting in Plaintiffs' deprivations and other damages.

206.    Defendant Sgt. Doe 11 and Defendant Captain Doe 12 condoned the enforcement of the irrational policy of stopping, searching and seizing NYCHA tenants and their guests and using punitive force against them without probable cause, reasonable suspicion or legal basis thereby resulting in Plaintiffs' deprivations and other damages.

34

207.    As a direct and proximate result of this conduct, Plaintiffs sustained the damages herein alleged.

208.    That as a result of the foregoing, Plaintiffs are entitled to compensatory damages, and punitive damages against the individual defendants, and attorney's fees, costs, expert's fees and disbursements pursuant to 42 U.S.C. § 1988.

FOURTEENTH CAUSE OF ACTION:
MUNICIPAL LIABILITY

209.    Plaintiff Bussey and Plaintiff Clark **,** hereby repeat, reiterate and re-allege each allegation contained in the proceeding paragraphs with the same force and effect as if more fully set forth herein and further allege:

210.    These constitutional abuses and violations were directly and proximately caused by policies, practices and/or customs devised, implemented, enforced, promoted, encouraged and sanctioned by Defendant NYC and Defendant NYCHA, including but not limited to: (a) the failure to adequately and properly screen, train, and supervise NYPD officers; (b) the failure to properly and adequately monitor and discipline NYPD officers; and (c) the overt and tacit encouragement and sanctioning of, and the failure to rectify, the NYPD's baseless stops, seizures, questions, searches and arrests for trespass.

211.    By adopting and implementing the vertical patrol policy and trespass arrest practices in this manner, Defendant NYC and Defendant NYCHA have enforced, promoted, encouraged and sanctioned a policy, practice and/or

35

custom of roving pedestrian checkpoints for general crime control wherein they indiscriminately stop and seize individuals in the absence of objective, individualized criteria in violation of the Fourth Amendment to the United States Constitution.

212.    By adopting and implementing the vertical patrol policy and trespass arrest practices in this manner, Defendant NYC and Defendant NYCHA have enforced, promoted, encouraged and sanctioned a policy, practice and/or custom of stopping, seizing, questioning, and searching NYCHA guests, including without limitation Plaintiff Bussey, without the reasonable articulable suspicion of criminality required by the Fourth Amendment to the United States Constitution.

213.    By adopting and implementing the vertical patrol policy and trespass arrest practices in this manner, Defendant NYC and Defendant NYCHA have enforced, promoted, encouraged and sanctioned a policy, practice and/or custom of arresting NYCHA guests, including without limitation Plaintiff Bussey, without probable cause to establish that a criminal offense has been or is being committed, as required by the Fourth Amendment to the United States Constitution.

214.    By sanctioning and enforcing the vertical patrol policy and trespass arrest practices in this manner, Defendant NYC and Defendant NYCHA have intentionally and under color of state law stopped, seized, questioned, searched and/or arrested NYCHA guests, including without limitation Plaintiff Bussey, without reasonable suspicion or probable cause.

36

215.    The Defendants, while acting under color of state and local law, engaged in conduct that constitutes policies, customs, and practices, procedure or rule of Defendant NYC, Defendant NYCHA and/or NYPD, but which is forbidden by the Constitution of the United States and the Constitution of the State of New York.

216.    The NYPD, through its senior officials at the central office and in each of its precincts, promulgates and implements policies, including those with respect to vertical patrols in NYCHA buildings, racial profiling, stop and frisk, use of force, strip searches, body cavity searches, reporting and investigating the use of force by staff, and provision and access to medical and other programs services mandated by local law and court orders.

217.    In addition, senior officials in the NYPD are aware of and tolerate certain practices by subordinate employees.

218.    Upon information and belief, the aforementioned practices constitute unwritten NYPD policies and customs because they are widespread, long-standing and deeply embedded in the culture of the agency.

219.    Defendant NYC and Defendant NYCHA  through the NYPD, has had, and still has hiring practices that it knows will lead to the hiring of Police Officers lacking the intellectual capacity and moral fortitude to discharge their duties in accordance with the Constitution of the United States and is deliberately indifferent to the consequences.

220.    Defendant NYC and Defendant NYCHA through the NYPD, has a de facto policy that encourages discriminatory enforcement of vertical patrol

within NYCHA buildings, unlawful arrests, the fabrication of evidence, and perjury.

221.    Defendant NYC, through the NYPD, has de facto employee promotion policies and other financial and status incentives that encourage, without limitation, negligent investigations; the fabrication of evidence, and; perjury.

222.    Defendant NYC, through the NYPD have had, and still have a negligent hiring practices that they know will lead to the hiring of employees lacking the intellectual capacity and moral fortitude to discharge their duties in accordance with the Constitutions of the United States and the State of New York and is indifferent to the consequences.

223.    Defendant NYC through the NYPD has de facto policies that encourage, without limitation, competition to make arrests, negligent investigations, fabrication of evidence, perjury, and improper manipulation of subordinates.

224.    Defendant NYC through the NYPD's actions and omissions has created and maintained the perception among high-ranking supervisors that a supervisor who turns a blind eye towards evidence of officer harassment and intimidations, cover-ups, medical neglect, and other misconduct and fails to investigate these incidents, will suffer no damage to his or her career or financial penalty.

225.    Defendant NYC, through the NYPD, at all relevant times, was aware that the individual Defendants routinely committed constitutional violations such as those at issue here and have failed to change their policies, practices, and customs to stop this behavior.

226.     Defendant NYC through the NYPD, at all relevant times, was aware that
the individual Defendants are unfit officers, attorneys, and employees who
have previously committed the acts alleged herein and/or have a propensity
for unconstitutional conduct.

227.     The Defendant NYC, through a policy, practice and custom, directly
caused Plaintiffs' deprivations, injuries and damages.

228.     Upon information and belief, the Defendant NYC, at all relevant times,
was aware that the defendants are unfit officers who have previously
committed the acts alleged herein, have a propensity for unconstitutional
conduct, or have been inadequately trained.

229.     Nevertheless, the Defendant NYC exercised deliberate indifference by
failing to take remedial action.

230.     The Defendant NYC failed to properly and adequately investigate prior
complaints filed against the defendants.

231.     The existence of the aforementioned customs and practice may be
inferred from repeated occurrences of similar wrongful conduct as
documented in the civil rights actions filed against the Defendant  NYC,
including but not limited to the following cases:

    a)  <u>Lotorto v. City of New York</u>, 10CV1223(ILG)(JMA) (USDC EDNY),
(Police Officers beat, arrest and destroy a video recording of a
bystander who was recording an arrest occurring n public);

    b)  <u>Schoolcraft v. City of New York</u>, 10CV6005(RWS)(USDC SDNY),
(police officer who exposed a precinct's policies  and practices of illegal

39

quotas for the issuance of summonses and arrests, falsifying evidence
and suborning perjury alleges he was arrested and committed tgo a
psychiatric facility in retaliation for exposing said policies and practices
to the press);

c) <u>Long v. City of New York</u>,  09CV60990(AKH)(USDC SDNY); <u>People v.
Pogan</u>, 6416-2018 (Sup. Ct. NY Co.) (police officer who purportedly
swore out a false complaint and used excessive force is convicted of
falsifying police records and was prosecuted for recklessly using
physical force, Plaintiff was engaged in expressive conduct when he
was as salted by the office); (police officer at the 24th precinct issues
four (4) summonses to a woman for her lodging a complaint  against
him with the Civilian Complaint Review Board at the precinct)

d) <u>Colon v. City of New York</u>, (09CV0008)(USDC, EDNY); (Police
Officers fired for falsifying evidence);

e) <u>Taylor-Mickins v. City of New York,</u> 09CV7923(RWS)(USDC SDNY);

f) <u>Floyd, et al v. City of New York</u>, (08 CV. 1034)(SAS) (USDC SDNY).

232.   In addition, the following are City policies, practices and customs:

a) Falsely arresting  innocent individuals, based on a pretext, in order to
meet productivity goals;

b) Falsely swearing out criminal court complaints and/or lying  and
committing perjury during sworn testimony in order to protect other
officers and to meet productivity goals;

c)  Fabricating evidence against individuals;

d) Using and threatening the use of excessive force on individuals;

e) Retaliating against individuals who engage in free speech;

f) Ignoring the constitutional rights of the general public;

g) Ignoring the constitutional rights of the persons in their care and custody;

h) Use force in an unreasonable, unnecessary, unjustified and excessive manner;

i) Failing to adequately instruct and supervise the officer under the defendant's care in the proper and appropriate care and treatment of individuals and detainees in their care and custody and control;

j) Inadequately and/or improperly investigating complaints of harassment, intimidation, misconduct, use of force, abuse by officers and inadequate punishment of the subjects of those complaints;

k) Tolerating acts of brutality;

l) IAB and the Inspector General having substantially failed in their responsibility to investigate misconduct and discipline offenders;

m) Having policies that operate to insulate Police Officers who engage in criminal or other serious official misconduct for detection, prosecution and punishment, and are maintained with deliberate indifference

n) Allowing officers and supervisors to engage in patterns and practices of actively and passively covering up misconduct by fellow officers, thereby establishing and perpetuating a "code of silence" which has

becomes ingrained in the defendants so to constitute a policy of

Defendant NYC, and NYPD/NYPD;

o) Failing to intervene to prevent the above practices.

233.    That as a result of the foregoing, Plaintiff is entitled to compensatory

damages, and punitive damages against the individual defendants, and

attorney's fees, costs, expert's fees and disbursements pursuant to 42 U.S.C. §

1988.

FIFTEENTH CAUSE OF ACTION:
PENDANT NEW YORK STATE CLAIM FOR
NEGLIGENCE IN PERFORMANCE OF DUTIES

234.    Plaintiff Bussey and Plaintiff Clark hereby repeat, reiterate and re-allege

each allegation contained in the proceeding paragraphs with the same force

and effect as if more fully set forth herein, and further allege:

235.   The Defendants negligently, carelessly and recklessly performed their

duties in that they failed to use such care in the performance of their duties as

a reasonably prudent and careful Police Officers would have used under

similar circumstances; in that they carelessly, recklessly and negligently

stopped, searched and seized Plaintiff Bussey without making a proper

investigation.

236.   The Defendants were negligent, careless and reckless in the manner in

which they operated, controlled and maintained their agents, servants, and

employees; and in that the Defendants, their agents, employees and servants

were otherwise negligent, careless, and reckless.

42

237.    The aforesaid occurrence, to wit: stop, search and seizure and other
deprivations of constitutional and civil rights were caused wholly and solely by
reason of the negligence of the Defendants, its agents, servants and employees
without any negligence on the part of Plaintiff Bussey.

238.   By reason of the aforesaid, Plaintiff Bussey and Plaintiff Clark were injured,
were incapacitated and prevented from their usual occupation and will, upon
information and belief, be so incapacitated in the future,  still suffers and upon
information and belief, will continue to suffer mental pain, and Plaintiff has
been otherwise damaged.

239.    That as a result of the foregoing, Plaintiffs are entitled to compensatory
damages, and punitive damages against the individual defendants, and
attorney's fees, costs, expert's fees and disbursements pursuant to 42 U.S.C. §
1988.

SIXTEENTH CAUSE OF ACTION:
PENDANT NEW YORK STATE CLAIM FOR
HARASSMENT, INTIMIDATION, ASSAULT AND BATTERY

240.   Plaintiff Bussey, hereby repeats, reiterates and re-alleges each allegation
contained in the proceeding paragraphs with the same force and effect as if
more fully set forth herein, and further alleges:

241.     The Defendants deliberately, maliciously and unreasonably assaulted and
battered Plaintiff on the date, time and place in question with closed fists, shod
feet, and foreign object(s) directed at his legs, thighs, back, ribs, and head.

43

242.    The Defendants knew or had reason to know that Plaintiff had not acted in a manner on the date and time in question that gave the defendants probable cause to forcefully stop, search and seize him.

243.    The Defendants knew or had reason to know that forcefully stopping, searching and seizing Plaintiff without probable cause would have resulted in a certain and unjustified harm and apprehension.

244.    The Defendants knew or had reason to know that Plaintiff objected to the treatment because he then and there decried the acts as flagrantly foul.

245.    The Defendants were at all times unreasonable, reckless and grossly negligent in their actions towards Plaintiff.

246.    Plaintiff was at all times conscious and aware of the imminent brutality and escalation of an unjustified and unreasonably forceful stop, strip-search/body-cavity search, and seizure as it unfolded and ultimately culminated into a protracted malicious prosecution.

247.     The aforesaid assault and battery described herein constitutes extreme and outrageous conduct carried out with the intent to cause, or disregard of a substantial probability of causing damage.

248.     The assault and battery described herein were so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

44

249.    That as a result of the foregoing, Plaintiff is entitled to compensatory damages, and punitive damages against the individual defendants, and attorney's fees, costs, expert's fees and disbursements pursuant to 42 U.S.C. § 1988.

SEVENTEENTH CAUSE OF ACTION:
PENDANT NEW YORK STATE CLAIM FOR
NEGLIGENCE IN TRAINING AND SUPERVISING

250.    Plaintiff Bussey and Plaintiff Clark hereby repeat, reiterate and re-allege each allegation contained in the proceeding paragraphs with the same force and effect as if more fully set forth herein, and further allege:

251.    That the Defendant NYC and Defendant NYCHA, their agents, servants and employees, were negligent, careless and/or reckless in the training, supervision, direction, control, appointment and/or promotion of their agents, servants and employees.

252.    That the Defendant NYC and Defendant NYCHA and the NYPD, their agents, servants and employees failed to train their employees to control their tempers and exercise the proper deportment and temperament; and to otherwise act as reasonable, prudent Police Officers.

253.    That the Defendant NYC and Defendant NYCHA and the NYPD, their agents, servants and employees  failed to give their employees  proper instruction as to their department, behavior and conduct as representatives of their employer; and, in that the Defendants, their agents, servants and employees were otherwise reckless, careless and negligent.

45

254.    That the aforesaid occurrences were caused wholly and solely by reason of the negligence of the Defendant NYC and Defendant NYCHA, its agents, servants and employees without any negligence on the part of Plaintiff Bussey.

255.    That the mistreatment and abuse of Plaintiffs as set forth above was the reasonably foreseeable consequence of said defendants' negligent conduct.

256.    That as a result of the foregoing, Plaintiffs are entitled to compensatory damages, and punitive damages against the individual defendants, and attorney's fees, costs, expert's fees and disbursements pursuant to 42 U.S.C. § 1988.

EIGHTEENTH CAUSE OF ACTION:
PENDANT NEW YORK STATE CLAIM
NEGLIGENT HIRING AND RETENTION

257.    Plaintiff Bussey and Plaintiff Clark hereby repeat, reiterate and re-allege each allegation contained herein with the same force and effect as if more fully and at length set forth herein.

258.    That the Defendant NYC were careless and reckless in hiring and retaining as and for its employees, the above named individuals; in that the said Defendants lacked the experience, deportment and ability to be employed by Defendant NYC; in that Defendant NYC failed to exercise due care and caution in its hiring practices, and in particular, in hiring the Defendant employees who lacked the mental capacity and the ability to function as employees of Defendant NYC.

259.    That Defendant NYC failed to:

a) investigate individual Police Officers' background,

b) hired and retained as employees of NYPD individuals whose backgrounds contained information (based on information and belief) that revealed said Defendants lacked the maturity, sensibility and intelligence to be employed by Defendant NYC Defendant,

c) Defendant NYC knew of the lack of ability, experience, deportment and maturity of said Defendant employees when they hired them to be employees' and,

d) Defendant NYC, their agents, servants and employees were otherwise careless, negligent and reckless in the hiring and retention of the individual Defendant Police Offciers.

260. That the aforesaid occurrence were caused wholly and solely by reason of the negligence of Defendant NYC, its agents, servants and employees without any negligence on the part of Plaintiffs.

261. That as a result of the foregoing, Plaintiffs are entitled to compensatory damages, and punitive damages against the individual defendants, and attorney's fees, costs, expert's fees and disbursements pursuant to 42 U.S.C. § 1988.

NINETEENTH CAUSE OF ACTION:
PENDANT NEW YORK STATE CLAIM
FOR UNLAWFUL DETAINER, FALSE ARREST,
FALSE IMPRISONMENT

262. Plaintiff Bussey, hereby repeats, reiterates and re-alleges each allegation contained above with the same force and effect as if more fully set forth herein, and further allege:

263.    That at all relevant times Plaintiff Bussey was unequivocally innocent of

any crime, had not violated or breached any law, code, rule, regulation,

ordinance, statute, order or otherwise in effect.

264.    Plaintiff Bussey was unlawfully detained, falsely arrested and falsely

imprisoned by the defendants, their agents, servants and/or employees,

including but not limited to the defendant officers.

265.    The aforesaid unlawful detainer, false arrest and false imprisonment of

Plaintiff Bussey were in clear violation of the Constitution and statutes of the

State of New York and the Charter, rules and regulations of Defendant NYC.

266.    At all times Plaintiff Bussey had not consented to being confined by the

Defendants.

267.    At all times Plaintiff Bussey was conscious of his restraint, loss of liberty

and abduction.

268.    The Defendants lacked privilege or other legal basis to confine Plaintiff

Bussey.

269.    As a result, of the foregoing, Plaintiff Bussey suffered personal injuries

and deprivation of his rights privileges and immunities.

270.    That as a result of the foregoing, Plaintiff Bussey is entitled to

compensatory damages, and punitive damages against the individual

defendants, and attorney's fees, costs, expert's fees and disbursements

pursuant to 42 U.S.C. § 1988.

TWENTIETH CAUSE OF ACTION:
PENDANT NEW YORK STATE CLAIM CONSPIRACY

48

271.    Plaintiff Bussey and Plaintiff Clark hereby repeat, reiterate and re-allege each allegation contained above with the same force and effect as if more fully set forth herein, and further allege:

272.    As set forth above, the defendant Police Officers conspired with and amongst one another to deprive Plaintiffs of their rights, privileges and immunities secured to them by federal and state laws.

273.    As a result f the aforementioned, Plaintiffs suffered a deprivation of rights, privileges and immunities and other damages.

274.    That as a result of the foregoing, Plaintiffs are entitled to compensatory damages, and punitive damages against the individual defendants, and attorney's fees, costs, expert's fees and disbursements pursuant to 42 U.S.C. § 1988.

TWENTY-FIRST CAUSE OF ACTION:
PENDANT NEW YORK STATE CLAIM VIOLATION OF
<u>NY CONSTITUTION and STATUTES</u>

275.    Plaintiff Bussey and Plaintiff Clark hereby repeat, reiterate and re-allege each allegation contained above with the same force and effect as if more fully set forth herein, and further allege:

276.    Defendants have applied the vertical patrol policy and trespass arrest practices Plaintiffs in an intentionally discriminatory and race-based manner.

277.    Defendants have acquiesced in, ratified, and failed to address widespread violations of the constitutional rights of Plaintiffs' to be free from unreasonable stops, searches and seizures, because of their race.

278.   These constitutional abuses were and are directly and proximately caused by policies, practices and/or customs devised, implemented, enforced, encouraged, and sanctioned by Defendant NYC and Defendant NYCHA.

279.   By reason of the allegations contained herein, Plaintiffs were deprives of their rights, privileges and immunities guaranteed to them by the Constitution of the State of New York.

280.   The Defendants' conduct manifested deliberate indifference to Plaintiffs' constitutional rights, for which all Defendants are liable.

281.   That as a result of the foregoing, Plaintiffs are entitled to compensatory damages, and punitive damages against the individual defendants, and attorney's fees, costs, expert's fees and disbursements pursuant to 42 U.S.C. § 1988.

TWENTY-SECOND CAUSE OF ACTION:
PENDANT NEW YORK STATE CLAIM
NEGLIGENT and FAILURE TO PROVIDE MEDICAL TREATMENT

282.   Plaintiff Bussey hereby repeats, reiterates and re-alleges each allegation contained above with the same force and effect as if more fully set forth herein.

283.   Defendants, their agents, servants, and/or employees were required to make available and/or provide medical care and treatment to Plaintiff while he was in their custody and control.

284.   The defendants knew or should have known the extent of the injuries Plaintiff sustained during the subject encounter with the defendants and

intentionally and/or negligently delayed, denied and/or failed to make medical

care and treatment available to Plaintiff.

285.   The defendants knew or should have known that their negligent, denial

and/or delay of medical care and treatment to Plaintiff created an

unreasonable risk of bodily injury.

286.   The defendants' neglect, denial and/or delay of medical care or treatment

did cause and/or exacerbate Plaintiff's suffering.

287.   That as a result of the foregoing, Plaintiff is entitled to compensatory

damages, and punitive damages against the individual defendants, and

attorney's fees, costs, expert's fees and disbursements pursuant to 42 U.S.C. §

1988.

TWENTY-THIRD CAUSE OF ACTION:
PENDANT NEW YORK STATE CLAIM
NEGLIGENT and INENTIONAL INFLICTION
OF EMOTIONAL DISTRESS

288.   Plaintiff Bussey hereby repeats, reiterates and re-alleges each allegation

contained above with the same force and effect as if more fully set forth herein

and further alleges:

289.   The aforesaid acts of the defendants, their agents, servants and employees,

acting individually and/or in conjunction with the other defendants, were

intentional, malicious and excessive, and served no reasonable or legitimate

interest.

290.   The Defendants' intentional, reckless and/or negligent infliction of

emotional distress constituted misconduct of an egregious and outrageous

51

nature that exceeds all bounds usually tolerated by society and unreasonably

endangered Plaintiff Bussey's physical safety.

291.   As a result of the foregoing, Plaintiff Bussey suffered severe and serious

physical and psychological and emotional injuries.

292.   That as a result of the foregoing, Plaintiff Bussey  is entitled to

compensatory damages, and punitive damages against the individual

defendants, and attorney's fees, costs, expert's fees and disbursements

pursuant to 42 U.S.C. § 1988.

TWENTY-FOURTH CAUSE OF ACTION:
PENDANT NEW YORK STATE CLAIM
<u>NEGLIGENCE</u>

293.   Plaintiff Bussey hereby repeats, reiterates and re-alleges each allegation

contained above with the same force and effect as if more fully set forth herein

and further alleges:

294.   As set forth above, Defendants, their agents, servants and employees were

negligent and the actual and proximate cause of injuries and damages suffered

by Plaintiff Bussey.

295.   Defendants owed a duty of reasonable care to Plaintiff Bussey.

296.   Defendants breached their duty of care to Plaintiff Bussey.

297.    As a result of the foregoing, Plaintiff suffered severe and serious physical,

psychological and emotional injuries.

298.   That as a result of the foregoing, Plaintiff is entitled to compensatory

damages, and punitive damages against the individual defendants, and

attorney's fees, costs, expert's fees and disbursements pursuant to 42 U.S.C. §

1988.

### TWENTY-FIFTH CAUSE OF ACTION:
### PENDANT NEW YORK STATE CLAIM
### RESPONDEAT SUPERIOR

299.   Plaintiff Bussey and Plaintiff Clark hereby repeat, reiterate and re-allege each allegation contained above with the same force and effect as if more fully set forth herein and further allege:

300.   Defendant NYC and NYPD assume the risk incidental to the maintenance of its agents, assignees, employees, servants, or officers of as said risks attach to the consumers of the services provided by the defendants.

301.   Inasmuch as the defendant officers were acting for, upon, and/or in furtherance of the business of their employer(s) and/or within the scope of their employment, Defendant NYC and NYPD are liable, jointly and severally, under the doctrine of respondeat superior for the tortuous actions of same.

302.   That as a result of the foregoing, Plaintiffs are entitled to compensatory damages, and punitive damages against the individual defendants, and attorney's fees, costs, expert's fees and disbursements pursuant to 42 U.S.C. § 1988.

### TWENTY-SIXTH CAUSE OF ACTION:
### PENDANT NEW YORK STATE CLAIM
### FAILURE TO PROTECT and *INTERVENE*

303.   Plaintiff Bussey hereby repeats, reiterates and re-alleges each allegation contained in the proceeding paragraphs with the same force and effect as if more fully set forth herein, and further alleges:

53

304.    All defendants, their agents, servants, and employees, owed a duty to
        care and protect Plaintiffs while he was in their custody, control and care.

305.    As set forth above, all defendants failed to protect Plaintiff  from known
        and dangerous harm.

306.    Those individual Defendants that were present but did not actively
        participate in the aforementioned unlawful conduct observed such conduct;
        had an opportunity to prevent such conduct; had a duty to intervene,
        mitigate and/or stop the events alleged herein, and failed to, inter alia, report
        the unlawful conduct alleged herein to supervisors; investigate, sanction,
        and/or discipline and participant.

307.    As set forth above, Defendants failed to intervene, mitigate and/or stop
        the events alleged herein.

308.    All Defendant s failed to report the unlawful conduct alleged herein to
        supervisors.

309.    The Defendant NYC, Defendant NYCHA and NYPD, their agents,
        servants and employees failed to investigate, sanction, and/or discipline any
        of the defendant officers for their aforesaid unlawful conduct.

310.    Due to the Defendants' failure to protect Plaintiff, Plaintiff sustained
        damages.

311.    As a direct and proximate result of this unlawful conduct, Plaintiff
        sustained the damages herein alleged.

312.    That as a result of the foregoing, Plaintiff are entitled to compensatory
        damages, and punitive damages against the individual defendants, and

54

attorney's fees, costs, expert's fees and disbursements pursuant to 42 U.S.C. § 1988.

TWENTY-SEVENTH CAUSE OF ACTION:
PENDANT NEW YORK STATE CLAIM
PRIMA FACIE TORT

313.    Plaintiff Bussey**,** hereby repeats, reiterates and re-alleges each allegation contained in the proceeding paragraphs with the same force and effect as if more fully and at length set forth herein and further allege:

314.    The aforementioned acts and omissions of the defendants, their agents, servants, and employees, caused harm to be inflicted upon Plaintiff Bussey motivated by disinterested malevolence and were the proximate cause of the damage visited upon him.

315.    As a result of the foregoing, Plaintiff suffered injuries.

316.    That as a result of the foregoing, Plaintiff is entitled to compensatory damages, and punitive damages against the individual defendants, and attorney's fees, costs, expert's fees and disbursements pursuant to 42 U.S.C. § 1988.

PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully request judgment against Defendants as follows:

a)   General and compensatory damages against all Defendant, jointly and severally;

    b)  Punitive damages in an amount sufficient punish individual

        Defendants and to deter other like them from repeating the same

        offenses, jointly and severally;

    c)  Reasonable attorney's fees and costs pursuant to 28 U.S.C. § 1988; and

    d)  Such other and further relief as this Court deems just and proper.

Dated:    New York, New York
        The 24th day of February 2015           /s/
                                     _____
                                     D. Andrew Marshall, Esq.
                                     Attorney for Plaintiff
                                     225 Broadway, Suite 1804
                                     New York, New York 10007
                                     (212) 571-3030 (office)
                                     (212) 587-0570 (facsimile)
                                     marshall.law4@verizon.net

56